# In the United States Court of Federal Claims

|  |  |
|---|---|
| WESLEY TURNER,<br><br>                        *Plaintiff,*<br><br>    v.<br><br>THE UNITED STATES,<br><br>                        *Defendant.* | No. 24-1837<br>(Filed May 6, 2025) |

Wesley Turner, Rio Rancho, NM, pro se.

Tate N. Walker, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss and Dismissing Without Prejudice**

Wesley Turner, proceeding without an attorney, filed a complaint in this court alleging, among other things, that the Defense Finance Accounting Service incorrectly calculated his disability and retirement pay. The government moves to dismiss Mr. Turner's complaint, arguing that this court is jurisdictionally barred under 28 U.S.C. § 1500 from reviewing his claims because he filed an earlier case in district court that arose under the same operative facts. Under 28 U.S.C. § 1500, this court does not have jurisdiction over Mr. Turner's claims and thus will grant the government's motion and will dismiss Mr. Turner's complaint without prejudice.

1

I.      **Background**

Mr. Turner served in the U.S. Air Force from 1995 to 2015. ECF No. 17-1, AR25.[1] In May 2015, just before his retirement, Mr. Turner filed a petition with the Air Force Board for Correction of Military Records asking (1) that his active duty retirement be changed to a medical retirement; (2) that his record be corrected to include his training and education certifications, his medals, and locations where he served and that his time-of-service calculation be adjusted to include his time at the Air Force Academy; (3) that a letter from his commander opining that he had a schizophrenia diagnosis be removed from his medical records; (4) that any evidence of a security violation be removed from his records, or, if a violation did occur, that the security report be provided; and (5) that his pay be adjusted to reflect a 75 percent disability rating. AR11; *see* AR8-12. In June 2015, Mr. Turner was honorably discharged and retired with twenty years of creditable service. AR25. After Mr. Turner's retirement, the board changed his record to reflect activities he participated in or led throughout his service, accounting for his time at academic instructor school and squadron officer school, among other things. *See* AR4; AR44.

In response to the then-pending petition, the board requested advisory opinions from different bodies to address Mr. Turner's claims; the Air Force Personnel Center (including its workforce development section), the board's medical advisor, and the board's psychological advisor all provided opinions to the board. AR33-34; AR35-40; AR41-43; *see* AR3-4. In February 2019, the board determined that Mr. Turner had experienced either error or injustice in his retirement processing. AR5-6. The board recommended that the Air Force correct Mr. Turner's military records

---

[1] Because this case is in its preliminary stages, there is not a formal administrative record. The government filed a substantial portion (ECF No. 17 at 2 n.2) of what would have been the administrative record as one of its exhibits (ECF No. 17-1), and this opinion will refer to pages of that document by their page numbers beginning with "AR."

to reflect a medical retirement with a 70 percent disability rating. AR6. The board rejected the remainder of Mr. Turner's claims. AR5-6. The deputy director of the Air Force Review Boards Agency agreed with the board's findings and ordered that the recommendations be implemented. AR1.

Following the board's decision and the deputy director's order, the Defense Finance Accounting Service (DFAS) recalculated Mr. Turner's monthly payment using a different calculation scheme under which Mr. Turner would receive higher compensation. ECF No. 17-2 at 4-5 [¶¶12-16], 16-17. But DFAS failed to account for a statute that requires a retired servicemember to waive a dollar of retirement military pay for every dollar he receives from the Department of Veteran Affairs in disability compensation. *Id.* at 5-6 [¶¶16-17, 20] (citing 10 U.S.C. § 1414(b)). That statute prevents a servicemember from receiving a windfall of a double payment. Under the statute, DFAS could pay Mr. Turner disability retirement compensation only if it exceeded his Department of Veteran Affairs disability compensation. *Id.* at 6 [¶ 19]. DFAS recalculated, applying the rule, and determined that it had overpaid Mr. Turner about $92,000. *Id.* at 6-7 [¶ 21], 16-17. DFAS sent a notice of overpayment and started withholding about $56 per month from Mr. Turner's monthly payments to recoup the overpayment. *Id.* at 7 [¶¶22-23], 16-17.

In October 2024, Mr. Turner filed suit in New Mexico district court against three federal government agencies: the Department of Defense, the Internal Revenue Service, and the Social Security Administration. He filed an amended complaint there later that month. *Turner v. United States*, No. 24-1023, ECF No. 12 (D.N.M. Oct. 29, 2024) (amended complaint, available here at ECF No. 17-3). In his amended complaint, Mr. Turner addressed his retirement, his post-retirement disability compensation, and DFAS's handling of his compensation calculations since then. ECF No. 17-3 at 2-7, 9-15. Mr. Turner cited the Air Force board's decision. *Id.* at 7-8, 9-10, 13-14. He

alleged that the IRS and the Social Security Administration had mishandled his retirement and disability compensation. *Id.* at 5-6, 9, 11-12, 16-18. Mr. Turner further alleged that the government had committed torts such as involuntary servitude, false imprisonment, medical malpractice, and slavery, among others. *See generally id.* Mr. Turner asked the district court to enforce the board decision awarding him 70 percent gross pay monthly against DFAS and to require DFAS to expunge any debt and return any debt payments that Mr. Turner had made. *Id.* at 23-24. A magistrate judge of the district court summarized Mr. Turner's complaint, stating, "This case arises from [Mr. Turner's] service in and discharge from the United States Air Force, changes in his retirement pay and the effect of those changes on his tax liability and Social Security payments." *Turner v. United States*, No. 24-1023, ECF No. 13 at 1 (D.N.M. Nov. 4, 2024) (order, available here at ECF No. 17-4).

Mr. Turner asked the New Mexico court to determine whether it had jurisdiction, and if not, to "remand the plaintiff to IRS court and US Claims court." *Turner v. United States*, No. 24-1023, ECF No. 11 at 5 (D.N.M. Oct. 29, 2024) (response to show-cause order and motion for remand "to IRS / Tax Court").

In November 2024, less than two weeks after filing his amended complaint in New Mexico, Mr. Turner filed a complaint in this court alleging that the board erred in its decision, that DFAS incorrectly implemented that decision and miscalculated his pay, that the IRS and Social Security Administration committed unlawful actions, and that the government committed torts such as conversion, deceptive acts, and extortion. *See generally* ECF No. 1. In December 2024, Mr. Turner amended his complaint by adding exhibits to support his claims. ECF No. 6. Mr. Turner seeks discovery of documents held by the Air Force and DFAS, deletion of "secret and incomplete records," an "interlocutory decision on unfitting pulmonary conditions," payment of a 75 percent

disability retirement rate, elimination of equitable adjustment, elimination of his debt, a pay grade change, and payments into his retirement and investment accounts. ECF No. 1 at 10-11 (cleaned up).

While Mr. Turner's complaint was pending here, the New Mexico district court dismissed Mr. Turner's complaint without prejudice for lack of subject-matter jurisdiction and failure to state a claim. *Turner v. United States*, No. 24-1023, ECF No. 14 (D.N.M. Apr. 21, 2025).

## II.     Discussion

The government moves to dismiss Mr. Turner's complaint under rule 12(b)(1) of the Rules of the Court of Federal Claims. ECF No. 17. The government argues that the court lacks jurisdiction under 28 U.S.C. § 1500 because Mr. Turner filed a similar complaint related to the board's decision, his retirement, and his disability pay in the New Mexico district court in October 2024, before he filed his complaint here. *Id.* at 11-16.

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States "in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The court has jurisdiction over suits for disability retirement pay for service

5

members. *Fisher v. United States*, 402 F.3d 1167, 1174-75 (Fed. Cir. 2005). But this court lacks jurisdiction over claims "pending in any other court … against the United States." 28 U.S.C § 1500; *see Petro-Hunt, LLC v. United States*, 862 F.3d 1370, 1381 (Fed. Cir. 2017) (Section "1500 bars the Court of Federal Claims' jurisdiction over a suit if a plaintiff, upon filing in the Court of Federal Claims, has a suit pending in any other court for or in respect to the same claim." (cleaned up)). That rule is designed to "prevent the United States from having to litigate and defend against the same claim in both courts." *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) (citation omitted). "To determine whether [section] 1500 applies, a court must make two inquires: (1) whether there is an earlier-filed suit or process pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are for or in respect to the same claims(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (cleaned up); *see also United States v. Tohono O'odham Nation*, 563 U.S. 307, 310-17 (2011).

### A. Mr. Turner's earlier complaint in the New Mexico district court was pending when he filed his complaint in this court

Mr. Turner filed his amended complaint in the New Mexico district court on October 29, 2024. ECF No. 17-3. He filed a complaint in this court less than two weeks later, on November 8, 2024. ECF No. 1. When he filed here, Mr. Turner had an earlier-filed suit pending in district court, meaning he had a co-pending suit under section 1500. *See Brandt*, 719 F.3d at 1374. And even though the New Mexico district court later dismissed Mr. Turner's case, this court's jurisdiction under section 1500 "depends upon the state of things at the time of the action brought." *Keene Corp v. United States*, 508 U.S. 200, 207 (1993); *see id.* at 207-09.[2]

---

[2] It is an oddity of the system that the Supreme Court requires this court to analyze its jurisdiction under section 1500 at the time of suit without reference to subsequent events, *Keene*, 508 U.S. at

**B.      Mr. Turner alleges the same operative facts in this case and in his earlier-filed district court case**

The Federal Circuit has explained that "[t]he term 'claim' in 28 U.S.C. § 1500 [is] defined by the operative facts, not the legal theories raised." *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1563 (Fed. Cir. 1988). "Two suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'odham*, 563 U.S. at 317.

Mr. Turner's earlier-filed complaint in district court and his complaint in this court allege the same operative facts. In both complaints, Mr. Turner alleges that DFAS incorrectly calculated his retirement and disability pay in violation of the board's decision. ECF No. 17-3 at 8-9, 10, 13-14, 19-22; ECF No. 1 at 3-7, 9-10. In both complaints, Mr. Turner also alleges that DFAS has improperly determined that Mr. Turner owes the government about $80,000 in overpayment. ECF No. 17-3 at 21-23 (seeking $82,500); ECF No. 1 at 3, 10-11 (stating that Mr. Turner is "$80k in debt" to the government, seeking to be made whole, and requesting "elimination of debt assessed against the plaintiff ($85,000)"). Those common facts form the core of both complaints, depriving this court of jurisdiction over this case. *See e.g.*, *Trusted Integration Inc. v. United States*, 659 F.3d, 1159 1166-67 (Fed. Cir. 2011) (holding that claims arising from the same conduct were the same claims under section 1500, even though they were based on different legal theories); *Tohono O'odham*, 563 U.S. at 315-17; *Chavez v. United States*, No. 24-1205, 2024 WL 5103362 at *3-4 (Fed. Cir. 2024) (affirming that the Court of Federal Claims was jurisdictionally barred under

---

207, when the Supreme Court otherwise requires a court to continue to assess its jurisdiction and dismiss a case when the case has become moot after the filing date, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997), and a case can be essentially unmooted if the controversy may be live again in the future, *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162, 170 (2016). Nevertheless, the court is bound by Supreme Court precedent, and the Supreme Court has directly addressed the issue in this case under section 1500.

section 1500 from reviewing the plaintiff's complaint because it involved government conduct nearly identical to the conduct at issue in his earlier-filed habeas petition in district court, even though he sought different relief from each court).[3]

### C. Mr. Turner may refer to materials from this case in future filings

Mr. Turner requests that, if the court dismisses his complaint without prejudice, the court order "that the materials presented as attachments / evidence / affidavit be open for use in the new case." ECF No. 22 at 3. When the court enters judgment in a case, such as granting a motion to dismiss, that closes the case. Mr. Turner, like any plaintiff, may choose to cite or reference the materials from this case in future filings, but the court in a future case may require that he file his documents directly in that case.

### III. Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss the case for lack of subject-matter jurisdiction (ECF No. 17). The complaint is **dismissed without prejudice**. The court **denies** Mr. Turner's requests for discovery (*e.g.*, ECF No. 1 at 10 [¶¶1-2]) as moot. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen  
MOLLY R. SILFEN  
Judge

---

[3] Mr. Turner also alleges torts. *See* ECF No. 1 at 1, 5, 8, 12 (alleging "multiple torts" including "mental distress" and conversion). The court is separately jurisdictionally barred from reviewing tort claims. 28 U.S.C. § 1491(a)(1).